1   CHRISTOPHER L. SCILEPPI
    LAW OFFICE OF CHRISTOPHER L. SCILEPPI, P.L.L.C.
2   115 W. Washington St.
    Tucson, Arizona 85701
3   Telephone:     (520) 449-8446
    Facsimile:     (520) 449-8447
4   Email:         info@scileppilaw.com
    State Bar No: 021591
5   Attorney for Defendant Avery Johnson

6                    IN THE UNITED STATES DISTRICT COURT

7                           DISTRICT OF ARIZONA

8   United States of America,              Case No.: 20-CR-02358-SHR-1

9             Plaintiff,

10  vs.                                    DEFENDANT'S SENTENCING
                                           MEMORANDUM
11  Avery Johnson,

12            Defendant

13          Comes Now, Defendant, Avery Johnson, by and through counsel undersigned, and

14  respectfully submits his Sentencing Memorandum. As noted in the Presentence Report, Mr.

15  Johnson has served seven months of presentence detention. The Presentence Report suggests

16  a 15 month sentence. Mr. Johnson respectfully requests that the Court consider a sentence of

17  time served sentence, and in the alternative a sentence of 12 months and a day.

18          Respectfully submitted this 27th of April, 2021.

19                                            /s/ Christopher L. Scileppi
                                              Christopher L. Scileppi
20                                            Attorney for Avery Johnson

21

22

23

24

DEFENDANT'S SENTENCING MEMORANDUM - 1

1   Certificate of Service:  I certify that on this day, I electronically transmitted the attached
    document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
2   Notice of Electronic Filing to the following CM/ECF registrants:

3   Renda Maginnis
    Assistant United States Attorney
4   United States Attorney's Office
    Tucson, Arizona
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT'S SENTENCING MEMORANDUM - 2

I.      **Facts Underlying the Offense**

On the morning of October 6, 2020, Avery Johnson got a call from an acquaintance asking if he wanted to participate in alien smuggling. This was not the first time Mr. Johnson received a call like this. On prior occasions, he declined. However, on October 6, 2020, Mr. Johnson was not thinking clearly and was concerned only with obtaining money to purchase drugs. He agreed to participate.

He drove to Hereford, Arizona where he picked up three illegal aliens. He was stopped shortly after and was arrested. Mr. Johnson was cooperative with law enforcement and provided them with what information he had.

II.     **Guidelines Calculation**

The Presentence Report accurately reports the Base Offense Level as well as the upward adjustment for a prior alien smuggling offense and the downward adjustment for acceptance of responsibility. The resulting offense level of 12 is correct. Mr. Johnson's criminal history category is accurately reported as IV. The resulting guidelines range is 21-27 months. The Plea Agreement into which Mr. Johnson entered calls for a sentence of 15-21 months based on a two-level departure pursuant to §5K3.1.

III.    **Grounds for a Variance**

As reflected both in the presentence report as well as Mr. Johnson's criminal history, he has struggled with two significant issues which are inexorably linked together: substance abuse and homelessness. For nearly a year prior to his previous offense (16-CR-1978), Mr. Johnson was homeless. He was always too stubborn and too proud to ask for help. After his release from custody on that matter, Mr. Johnson attempted to live with his mother, but after the onset of COVID-19, there were issues between the two regarding his mother's preferred COVID-19

DEFENDANT'S SENTENCING MEMORANDUM - 3

1   precautions. The presentence report notes that "his mother asked him to leave." In actuality, he

2   was kicked out. Mr. Johnson was homeless for a bit, then couch-surfed for a bit, and then

3   ultimately became homeless once again.

4        It is absolutely true that Mr. Johnson's drug use contributed to his problems here. They

5   were the single greatest factor in his decision-making process, as evidenced by the fact that at

6   times during the period he was out of custody, Mr. Johnson prioritized obtaining drugs over

7   obtaining housing. At the tail end of the presentence interview, Mr. Johnson volunteered that

8   his use of drugs was perhaps the single greatest negative factor impacting his life. Subsequently,

9   undersigned counsel has explained to him that while he is under federal supervised release, his

10   probation officer will assist him in finding drug treatment. Mr. Johnson indicated that prior to

11   now he was too proud to ask for help. He isn't anymore, and he looks forward to obtaining

12   services whenever he is released from custody.

13        Not all time in custody is created equal. Having met and interacted with dozens of clients

14   who have been serving time during the COVID-19 pandemic, this is all to clear to undersigned

15   counsel. Certainly, nobody involved in this matter is under the impression that jail is or is

16   supposed to be fun, but there are things that make it livable – e.g., being able to have visitation

17   with and calls with family members, being able to participate in programs, and the knowledge

18   that as long as the inmate keeps his or her nose down, their risk of death or disease is rather low.

19   These nominal creature comforts have been stripped away from inmates during the pandemic.

20   Visitation with family members have been suspended. Telephone access has been significantly

21   reduced. And most importantly, inmates live in a constant fear that today could be the day that

22   they could be exposed to the Coronavirus. This stress and anguish of this is unyielding and

23   frankly has affected Mr. Johnson significantly during his time in custody.

24

DEFENDANT'S SENTENCING MEMORANDUM - 4

IV.    **Recommended Sentence**

It should be noted that Mr. Johnson's previous alien smuggling charge has already been counted against him twice. First, it counts for three criminal history points (which move him from a criminal history category III to a IV). Second, it counts for an extra two offense levels. Without this one prior conviction, Mr. Johnson's plea range would have been 6-12 (offense level 8, CHC III). With the prior, the plea range is 15-21 months. Aggravating Mr. Johnson's sentence any further based on that prior offense seems excessively, and triply, punitive.

Regardless of what sentence the Court imposes, Mr. Johnson's future is going to come down to whether he seeks and accepts the help he needs related to substance abuse. A sentence of 15 months does little more to meet the aims of justice than a sentence of time-served or 12-and-a-day. Mr. Johnson respectfully requests that the Court consider a small variance to achieve a sentence of time served or 12-and-a-day, thereby affording him the opportunity to attempt to put back together the pieces of his life.

DEFENDANT'S SENTENCING MEMORANDUM - 5